MICHAEL J. HEALY *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 18, 1901.*

APPEALS AND ERRORS—*denial of a motion to discharge for want of prosecution is not a final order.* The denial of a motion by the defendant to be discharged, under the statute, for want of prosecution, is not a final order which may be reviewed, by itself, on writ of error.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

JOHN C. KING, for plaintiffs in error.

H. J. HAMLIN, Attorney General, (CHARLES S. DE-NEEN, State's Attorney, and HARRY OLSON, of counsel,) for the People.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

Plaintiffs in error were indicted by the grand jury of Cook county for the crime of murder, at the January term of the criminal court of that county, convicted of manslaughter and sentenced to the penitentiary for a term of fourteen years. On writ of error from this court that judgment was reversed November 9, 1896, and the case remanded for another trial. On the 19th of that month they were transferred from the penitentiary to the Cook county jail. The case was again tried before Judge Abner Smith and a jury, from July 12 to August 4, 1897, at which trial they were again found guilty and their term of imprisonment each fixed at four years. They sued out a second writ of error from this court, and the latter judgment of conviction was reversed on the ground that the jury before which they were tried had been improperly empaneled, (*Healy* v. *People,* 177 Ill. 306,) and the case again remanded for another trial. That

mandate of reversal was filed in said criminal court on December 23, 1898. At the following April term, on the motion of the State's attorney, the case was placed upon the trial docket, and on the same day the defendants, by their counsel, moved the court to discharge them for want of prosecution, under the provisions of section 18, paragraph 623, of the Criminal Code, (Starr & Cur. p. 1406,) and also for leave to file affidavits in support of such motion. The defendants were thereupon remanded to the custody of the sheriff of Cook county, and on the next day, April 27, an order was entered overruling the motion, to which counsel for defendants then and there duly excepted, and was given sixty days in which to prepare and file a bill of exceptions. To reverse that order this writ of error is prosecuted.

A motion has been entered by the Attorney General to dismiss the writ upon the ground that the order overruling the motion to discharge the defendants is not such a final judgment as can be brought in review by a writ of error. The motion is, we think, well taken and must be sustained. It cannot be seriously claimed the overruling of the motion to discharge the defendants is a final disposition of the case. It is merely interlocutory. Appeals to and writs of error from this court will only lie from final orders, judgments or decrees of inferior courts. (*Haines* v. *People*, 97 Ill. 161; *Oder* v. *Putnam*, 22 id. 38.) Upon the overruling of their motion to be discharged the defendants should have gone to trial, and if convicted they could then have sued out a writ of error from this court and assigned for error that ruling of the criminal court.

This writ will accordingly be dismissed.

                                        *Writ of error dismissed.*