THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES WASILEWSKI, Defendant-Appellant.

Third District   Nos. 77-464, 77-465 cons.

Opinion filed November 30, 1978.

2

A. Randolph Comba, of Princeton, and Douglas A. Gift, of La Salle, for appellant.

Frank X. Yackley, State's Attorney, of Ottawa (James E. Hinterlong and John X. Breslin, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of La Salle County which denied a motion of the defendant James Wasilewski to quash certain search warrants and to suppress and return certain evidence which was seized as the result of the search conducted pursuant to the authority contained in the warrants.

The defendant Wasilewski resides in Bureau County, Illinois, and manages and operates the Green Front Tavern located in the city of Peru, La Salle County, Illinois.

On June 8, 1977, Lieutenant Washkowiak of the La Salle County sheriff's office obtained a search warrant from the circuit court of La Salle County to search the defendant's residence in Bureau County. The following day the lieutenant again appeared before the circuit court of La Salle County and obtained a search warrant to search the tavern located in La Salle County and which was operated and managed by the defendant.

The search warrants were executed and resulted in the seizure of certain evidence, to-wit, a $500 check made in payment for a riding lawn

mower and a large quantity of gambling paraphernalia. Articles were seized at both the defendant's residence and his place of business. The defendant was thereafter indicted for burglary, felony theft and gambling in La Salle County and was charged by a misdemeanor complaint in Bureau County for the offense of gambling.

On July 27, 1977, the defendant moved in the circuit court of La Salle County to quash the search warrants and to suppress the evidence seized as the result of their execution. The defendant's motions were grounded on the assertion that there was lack of probable cause which would justify the issuance of the warrants. The circuit court of La Salle County found that there was probable cause for the issuance of the warrants and denied the defendant's motions to quash and suppress.

The defendant filed notices of appeal from the denial of his motions to quash and suppress and further obtained a continuance of the criminal prosecution being pursued in La Salle and Bureau Counties.

Prior to the briefs being filed by either party in this appeal the State moved to dismiss the appeal for want of jurisdiction. It was the State's contention that the defendant has no right to appeal, before trial, from an adverse ruling on a pretrial motion to quash and suppress. Alternatively the State contended that assuming arguendo that the case was civil in nature, the trial court's denial of the motion to quash and suppress was not a final order nor is it the type upon which an interlocutory appeal is permitted, and further the defendant did not seek permission for an interlocutory appeal under Supreme Court Rule 308 (Ill. Rev. Stat. 1975, ch. 110A, par. 308). The defendant answered the State's motion to dismiss the appeal and asserted that he was appealing only in search warrant cases which were separate civil cases and not connected with the criminal charges pending against him. He further argued that civil cases involving search warrants were final upon their return and therefore appealable. The State filed a reply to the defendant's answer. This court neither granted nor denied the State's motion to dismiss this appeal but ordered that the jurisdictional question raised by the motion be taken with the merits of this appeal.

The State in its brief renews in the form of an issue its motion to dismiss this appeal on jurisdictional grounds.

■■ A question concerning a court's jurisdiction is of threshold importance so we first address ourselves to this issue.

Proceedings relating to search warrants emanate from our Code of Criminal Procedure of 1963. Authority for the issuance of such a warrant is found in section 108—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 108.3). The Code further permits a defendant to file a motion for the return of property and to suppress evidence obtained by an illegal search and seizure. (Ill. Rev. Stat. 1975, ch. 38, par. 114—12, and Ill. Rev. Stat. 1975, ch. 38, par. 108—11.) It is clear that the

4

issuance, execution and motions relating to the search warrants and the evidence obtained by their use all stem from provisions in our Code of Criminal Procedure. In the instant case subsequent to the execution of the search warrants the defendant was charged in Bureau County with having committed a criminal offense and was charged in La Salle County with three criminal offenses. It should be noted that both Bureau and La Salle Counties are in the Thirteenth Judicial Circuit and the defendant had the status of a criminal defendant before the circuit court of that judicial circuit.

The defendant argues that the proceedings on the search warrants issued as to his residence and place of business were separate civil actions by virtue of the fact that they were given "MR" (miscellaneous remedy) docket numbers by the circuit court clerk at the time the complaint for the search warrants was filed. As authority for this contention the defendant cites the "Manual on Recordkeeping" published by the Administrative Office of the Illinois Courts. Paragraph 1425 of the manual provides that:

"When a complaint for search warrant is filed which does not relate to a pending case a Miscellaneous Remedy (MR) case number is to be assigned * * * Index the case in the Civil index."

The defendant, however, has failed to note paragraph 1424 of the Manual on Recordkeeping which provides:

"Content—Search Warrants. When a search warrant relates to a pending criminal case it is a part of that case."

■■ We believe that defendant's argument that the search warrant proceedings were civil actions because they were classified by miscellaneous remedy docket numbers is too tenuous. A criminal action cannot become a civil action or vice versa by recordkeeping procedures, but even if his argument had merit the recordkeeping manual upon which he relies as authority refutes his contention by the provisions above set forth in paragraph 1424 of the manual. The State in contending that the search warrant proceedings were criminal actions relies heavily upon correspondence from the attorney for the defendant to the circuit clerk of La Salle County in which he refers to further proceedings in cases numbered 7-MR-47 and 77-MR-48 as being criminal appeals. We agree with counsel for the defendant that the search warrant proceedings where a motion to quash and suppress was filed, heard and denied were in fact criminal actions and an appeal therefrom would be a criminal appeal. We reach this conclusion not because such proceedings were designated as being criminal in nature by counsel for the defendant, but because, as we have previously outlined, the Criminal Code authorized the issuance of the warrants, and further provided the defendant with the right to move that the evidence derived from the execution of the warrants be returned and suppressed. We further deem it to be of significance that the

defendant is a criminal defendant in both Bureau and La Salle Counties as the result of evidence which was obtained from the execution of the warrants. We find no basis for the defendant's contention that the search warrant proceedings were civil actions.

Having concluded that the proceedings were criminal actions we are then confronted with the question as to whether the defendant has the right to appeal, before trial, from an order denying his motion to quash and suppress.

■■ The State is specifically authorized to appeal from an order quashing a search warrant or suppressing evidence. (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1).) This rule of the supreme court is grants such right only to the State and rightfully so. An order quashing a search warrant or suppressing evidence in a multitude of cases would have the effect of terminating criminal proceedings against an accused and consequently would have the effect of a final judgment from which an appeal is allowed. We would be less than realistic if we didn't recognize that reviewing courts would be innundated with a plethora of appeals if criminal defendants were permitted to perfect appeals from orders denying pretrial motions. Appeals for purpose of delay would be a common practice and there is merit to the cliche that justice delayed is justice denied.

Our supreme court has held that a trial court's ruling on a motion to suppress evidence is not final and may be changed or reversed any time prior to final judgment. (*People v. Braden* (1966), 34 Ill. 2d 516, 216 N.E.2d 808.) To be final and appealable a judgment or order must terminate the litigation between the parties on the merits of the cause, so if affirmed, trial court has only to proceed with the execution of the judgment. *People v. Culhane* (1975), 34 Ill. App. 3d 158, 340 N.E.2d 63.

In the case of *People v. Miller* (1966), 35 Ill. 2d 62, 67, 219 N.E.2d 475, our supreme court stated:

"We have uniformly held, both in civil and criminal cases, that no appeal lies from an interlocutory order in the absence of a statute or rule specifically authorizing such review. (*Chicago Housing Authority v. Abrams*, 409 Ill. 226, 229; *Moffat Coal Co. v. Industrial Commission*, 397 Ill. 196, 201; *People v. Tamborski*, 415 Ill. 466, 471; *Healey v. People*, 193 Ill. 370.) The order denying the defendant's motion to dismiss was an interlocutory order. (*Cf. Miller v. Bunn*, 336 Ill. 203 (order overruling a demurrer in a civil case); *Healey v. People*, 193 Ill. 370 (order denying motion for discharge in a criminal case).) Therefore, unless specific authority can be found authorizing an appeal from such an order the appellate court was without jurisdiction to consider it."

As we have previously stated, our supreme court by rule has specifically granted unto the State the right to appeal from an order

quashing a search warrant or suppressing evidence. No like right has been granted by rule or statutory enactment to defendants whose motion to quash or suppress has been denied.

■■ The defendant in the instant case is attempting to perfect an interlocutory appeal and the status of such appeals is discussed in *People v. Eddington* (1977), 47 Ill. App. 3d 388, 362 N.E.2d 103. In *Eddington* the reviewing court held that the intent of Rule 604(a)(1) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)) is that an interlocutory appeal is available only to the State on a question concerning the constitutionality of the manner in which evidence was obtained.

■■ Based upon the rule of the supreme court (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)) and the judicial construction of such rule we conclude that the defendant had no right or authority prior to the termination of his litigation to appeal the trial court's order denying his motion to suppress search warrants and to suppress the evidence derived from the execution of them.

■■ While this appeal was pending and awaiting oral argument this court rendered a decision in *People v. Rue*, No. 77-400, decided July 19, 1978. In the light of the decision in *Rue* both the State and the defendant were granted leave to file supplemental briefs. At first blush it appeared that the case of *Rue* would have an impact on the instant case; however, it is our determination that it has none whatsoever. The situation in *Rue* is clearly different and distinguishable from that presented in this appeal. We further note that the *Rue* appeal was disposed of by Rule 23 of the Supreme Court Rules. (Ill. Rev. Stat. 1975, ch. 110A, par. 23.) One of the reasons for the utilization of a Rule 23 order is for the disposal of a case that has no precedental value. The policy of the court is to deny the citation of Rule 23 orders or cases and consequently the case of *Rue* is not and will not be considered in making a determination of the issues presented in the instant appeal.

■■ We have previously alluded to the fact that prior to briefs being filed in this appeal the State moved to dismiss this appeal on the grounds that this court lacked jurisdiction to hear the same. The motion to dismiss was taken with the case. Our decision in this appeal reflects the correctness of the State's motion to dismiss, however, having determined an issue which presented the precise question raised in the motion to dismiss, the motion has become moot.

For the reasons stated this appeal is dismissed for want of jurisdiction and the case is remanded to the circuit court of La Salle County for trial.

Appeal dismissed; case remanded.

ALLOY, P. J., and STENGEL, J., concur.