THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM J. DeJESUS, Defendant-Appellant.

First District (3rd Division) No. 84—2966

Opinion filed November 18, 1987.

Nicholas C. Syregelas, of Chicago (William P. Gallos and Dina M. Arrigo, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Mary Ellen Dienes, and Lynn M. Egan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Following a jury trial, defendant, William DeJesus, was convicted of armed robbery and sentenced to 12 years' imprisonment. On appeal, defendant contends that (1) the trial court erred in not holding a hearing outside the presence of the jury to determine whether there was an independent basis for the in-court identification of defendant; (2) his constitutional rights of due process and equal protection were violated because the Cook County Jury Commission's "discretionary geographical service" system does not draw a jury venire from a fair cross-section of the community; and (3) the State used peremptory challenges to systematically exclude blacks and Latinos from the jury. We reverse and remand for a new trial.

On July 26, 1983, defendant was arrested and charged with the armed robbery of Karen Copeland and Frank Michalesko, both employees of a Burger King restaurant located in Chicago. Before trial,

a hearing was held on defendant's motions to quash his arrest and suppress any lineup evidence. The trial court granted defendant's motions. However, subsequent to these motions being granted but prior to trial, defendant made another motion *in limine* to suppress any in-court identification of defendant. Defendant requested that this motion, like his previous motions, be heard prior to trial and outside the presence of the jury. The trial court denied defendant's request to argue his motion *in limine*. The trial judge stated that on the basis of evidence heard during the State's case at trial, he would rule on defendant's motion. Thus, in effect defendant was never afforded the opportunity to argue his motion to suppress.

■■ Defendant first contends that the trial court erred in not allowing him to argue his motion to suppress any in-court identification testimony prior to trial. It is defendant's position that in order to establish that there existed an independent basis for the in-court identification, a hearing had to be conducted prior to trial. We agree.

The generally accepted purpose of a motion *in limine* is twofold. One purpose is to determine prior to trial what, if any, evidence ought to be admitted at trial. The second purpose of such a motion is to establish whether any such evidence that would ordinarily be admissible is inadmissible because of improper police proceedings.

A defendant is entitled to a full and fair pretrial hearing on a motion to suppress identification testimony. (*People v. Robinson* (1970), 46 Ill. 2d 229, 231, 263 N.E.2d 57, 58.) Unless a defendant has such a hearing, it is difficult to make an informed judgment as to whether the identification was influenced by improper proceedings resulting in a denial of due process. *Robinson*, 46 Ill. 2d at 232, 263 N.E.2d at 58.

■■ Moreover, the due process clause precludes a jury from convicting a defendant on identification evidence that is unreliable. (*Manson v. Brathwaite* (1977), 432 U.S. 98, 53 L. Ed. 2d 140, 97 S. Ct. 2243.) When such unreliable identification testimony is presented to the jury, the likelihood of irreparable misidentification arises (*Brathwaite*, 432 U.S. at 116, 53 L. Ed. 2d at 155, 97 S. Ct. at 2254), and instructions to the jury are often insufficient to cure the damage created by this testimony. As Justice Brennan noted in his dissenting opinion in *Watkins v. Sowders* (1981), 449 U.S. 341, 356, 66 L. Ed. 2d 549, 561, 101 S. Ct. 654, 663, "[t]o expect a jury to engage in the collective mental gymnastic of segregating and ignoring such testimony upon instruction is utterly unrealistic." It logically follows that as a practical matter, the only way to insure that a jury will not convict a defendant on unreliable, improper identification evidence is to preclude the jury from hearing it in the first place. (*Sowders*, 449 U.S. at

357, 66 L. Ed. 2d at 562, 101 S. Ct. at 663 (Brennan, J., dissenting).) Therefore, when the prosecution plans to offer an in-court identification and the defense challenges its admissibility, the court should rule, on facts elicited outside the presence of the jury, on whether the pretrial identification by the same eyewitness violates a defendant's due process rights or his right to counsel. If a violation of a defendant's rights is found, the court must then determine whether the in-court identification nevertheless is admissible because it has an independent source. *United States v. Broadhead* (7th Cir. 1969), 413 F.2d 1351, 1359; *United States v. Allison* (9th Cir. 1969), 414 F.2d 407, 410; *Clemons v. United States* (D.C. Cir. 1968), 408 F.2d 1230, 1237; *United States v. Cranston* (4th Cir. 1971), 453 F.2d 123, 126; *Haskins v. United States* (10th Cir. 1970), 433 F.2d 836, 838.

We note that the United States Supreme Court has held that the due process clause of the fourteenth amendment does not require a *per se* rule compelling a hearing on the admissibility of identification testimony outside the presence of a jury. (*Watkins v. Sowders* (1981), 449 U.S. 341, 349, 66 L. Ed. 2d 549, 556, 101 S. Ct. 654, 659.) However, it has recognized that in certain undefined circumstances, "[a] judicial determination outside the presence of the jury of the admissibility of identification evidence may often be advisable. In some circumstances *** such a determination may be constitutionally necessary." (449 U.S. at 349, 66 L. Ed. 2d at 556, 101 S. Ct. at 659.) We believe that the circumstances in this case mandate a determination of the admissibility of any in-court identification of defendant outside the presence of the jury.

Here, based on the trial court's refusal to allow defendant to argue his motion to suppress identification testimony prior to trial and outside the presence of the jury, defendant was precluded from showing that there was no independent basis for any in-court identification. This is so because defendant was forced to argue the crux of his motion during the State's case. In order to rebut the State's contention that no independent basis for such an identification existed, defendant would have had to examine the police officers regarding the circumstances under which the victims viewed defendant in the illegally conducted lineup. It would also have been necessary for defendant to examine the victims concerning their identification of defendant in the illegal lineup. As a result, defendant would have introduced all of the previously suppressed evidence concerning his lineup in the presence of the jury. Moreover, defendant would also have provided the jury with facts and evidence about police conduct and defendant's arrest, evidence that had previously been suppressed

as illegal and inadmissible.

 Given the nature of the testimony which defendant would have been required to elicit in the presence of the jury, defendant was constitutionally entitled to a hearing, outside the presence of the jury, on his motion to suppress his in-court identification. We therefore reverse defendant's conviction and remand this cause for a new trial. Because defendant will receive a new trial, we need not address the remaining issues raised on appeal.

Accordingly, this cause is reversed and remanded for a new trial.

Reversed and remanded.

WHITE and FREEMAN, JJ., concur.