# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *In re Gee*, 2010 IL App (4th) 100275

---

| Appellate Court Caption | *In re* THE RAYMOND GEE AND THE GEE FAMILY HOMICIDE INVESTIGATION (The People of the State of Illinois, Plaintiff-Appellee, v. CHRISTOPHER HARRIS, Intervenor-Appellee (The State Journal-Register, The Pantagraph, and The Herald and Review, Intervenors-Appellants)). |
| --- | --- |
| District & No. | Fourth District<br>Docket No. 4-10-0275 |
| Filed | December 8, 2010 |
| Rehearing denied | August 18, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In proceedings on a petition filed by several newspapers in a high profile murder prosecution, the trial court properly refused to unseal an affidavit supporting the search warrant issued in the case and an inventory and return of the warrant, since even assuming a qualified right of access to the documents existed, that right was outweighed by the substantial probability that disclosure would compromise the ongoing investigation. |
| Decision Under Review | Appeal from the Circuit Court of Logan County, No. 09-MR-73; the Hon. Thomas M. Harris, Judge, presiding. |

| Counsel on Appeal | Donald M. Craven and Esther J. Seitz (argued), both of Donald M. Craven, P.C., of Springfield, for appellants. |
|---|---|
| | Michael McIntosh, State's Attorney, of Lincoln (Patrick Delfino, Robert J. Biderman, and Anastacia R. Brooks (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | James E. Elmore, of Elmore & Reed, Matthew J. Maurer (argued), of Law Office of Matthew Maurer, and Patrick T. Timoney, of Timoney & Page, all of Springfield, for appellee Christopher Harris. |
| Panel | PRESIDING JUSTICE KNECHT delivered the opinion of the court, with opinion. Justices Turner and Pope concurred in the judgment and opinion. |
| Judgment | Affirmed. |

**OPINION**

¶ 1 On November 16, 2009, intervenors, the State Journal-Register, the Pantagraph, and the Herald & Review (collectively, media intervenors), filed a petition to intervene and gain access to a search warrant and attendant documents related to a homicide investigation into the murders of Raymond Gee and the Gee family. The trial court granted the petitions to intervene and, further, unsealed (1) the complaint and order for search warrant, (2) the search warrant, (3) the motion to seal the court file, (4) the order granting the motion, and (5) the docket sheet. An affidavit supporting the search warrant and an inventory and return of search warrant remained sealed.

¶ 2 Media intervenors appeal, arguing the trial court erred when it refused to unseal the affidavit and inventory. We affirm.

¶ 3                          I. BACKGROUND

¶ 4 On September 21, 2009, plaintiff, the People of the State of Illinois, secured a search warrant relating to the murders of Raymond Gee, Ruth Gee, Justina Constant, Dillen Constant, and Austin Gee, and the attempted murder of T.G., a minor. The complaint and order for search warrant, and all attendant documents, were impounded by the circuit clerk. On October 22, 2009, a return was made on the search warrant accompanied by an inventory

of items seized pursuant to execution of the search warrant. The State moved to seal the contents of the court file, alleging public disclosure of the contents could jeopardize the ongoing criminal investigation. The trial court allowed the motion and ordered the court file sealed for a period of 180 days.

¶ 5    On November 16, 2009, media intervenors (newspapers of general circulation in the area) sought to intervene and to vacate the trial court's order sealing the file. On November 18, 2009, the media intervenors were allowed to intervene and present arguments on their motion to vacate. The court ordered certain portions of the file to be unsealed and made available to the public, including the docket sheet, the motion to seal the court file (with certain license-plate information redacted), and the order allowing the motion. The court found the remaining contents of the file should remain sealed to protect the integrity of the ongoing criminal investigation.

¶ 6    Prior to the entry of the written order, Christopher Harris (defendant) had been charged in Logan County case No. 09-CF-171 with the commission of the crimes. Defendant Harris then filed a petition to intervene and requested the contents of the search-warrant court file remain sealed. Defendant's filings asserted additional facts and arguments relative to the sealing issue, so the trial court ordered a rehearing on the motion to vacate earlier filed by the media intervenors.

¶ 7    On January 15, 2010, the trial court conducted a rehearing on the motion to vacate and a hearing on defendant's motion to seal and the media intervenors' motion to reconsider filed on December 23, 2009.

¶ 8    On March 24, 2010, the trial court entered a detailed 10-page order granting partial relief. Citing two federal cases finding a qualified first-amendment right of access to warrant records, the court found "the presumption of access extends to documents filed with the clerk of the court in this search[-]warrant case."

¶ 9    The trial court next considered whether the presumption could be rebutted by demonstrating suppression is essential to preserve higher values. The court noted the "unique nature" of the crime, generating extensive media coverage. The court referenced "voluminous discovery" representing approximately 75% of what is anticipated from the various law-enforcement agencies. "Certainly much investigation remains to be done by the defense in these two cases." The court concluded there was a substantial probability disclosure would compromise an ongoing investigation and defendant's right to a fair trial.

¶ 10    The trial court also balanced any right of access against the privacy right of the only surviving victim, a minor. "This court has a duty to protect the privacy interests of a minor *** [and] must exercise great care when faced with a media petition for access in a case involving a minor." The court noted what set this case apart "is the near certainty that the details will be published if they are disclosed, in addition to the magnitude of the risk such disclosure might have given that both defendants face a potential sentence of death."

¶ 11    The trial court ruled documents previously unsealed would remain unsealed, including (1) the docket sheet, (2) the motion to seal the court file, and (3) the order granting the motion. Additionally, the court unsealed the complaint and order for search warrant and the search warrant.

¶ 12    The trial court next considered "alternatives to sealing" the (1) affidavit supporting the search warrant and (2) inventory and return of search warrant and found "redaction as the only possible alternative." The court found redacting would serve no purpose because that would leave nothing of value or interest to be disclosed. The court ordered the affidavit supporting the search warrant and the inventory and return of the search warrant to remain sealed.

¶ 13    This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15    Media intervenors argue the trial court erred when it refused access to the (1) affidavit supporting the search warrant and (2) inventory and return of search warrant. We disagree.

¶ 16                          A. Jurisdiction Under Rule 307(a)(1)

¶ 17    The order granting media intervenors partial relief was in the nature of injunctive relief. This court has jurisdiction to entertain the media intervenors' interlocutory appeal. 188 Ill. 2d R. 307(a)(1); see *Skolnick v. Altheimer & Gray*, 191 Ill. 2d 214, 221-22, 730 N.E.2d 4, 11 (2000); see also *People v. Wasilewski*, 66 Ill. App. 3d 1, 5-6, 383 N.E.2d 31, 34 (1978).

¶ 18                              B. Standard of Review

¶ 19    Whether the presumption of public access applied to this particular type of court record or proceeding is a legal question we review *de novo*. *People v. Kelly*, 397 Ill. App. 3d 232, 255, 921 N.E.2d 333, 354 (2009). After the trial court found the presumption applied, it had to determine whether the presumption was rebutted by other concerns. *Kelly*, 397 Ill. App. 3d at 255, 921 N.E.2d at 355. We would apply an abuse-of-discretion standard to this balancing of interests. *Kelly*, 397 Ill. App. 3d at 256, 921 N.E.2d at 355.

¶ 20                                C. Right of Access

¶ 21    The first amendment embodies a right of access to court records and criminal proceedings. *Skolnick*, 191 Ill. 2d at 231-32, 730 N.E.2d at 16 (regarding court records in general); *People v. LaGrone*, 361 Ill. App. 3d 532, 535, 838 N.E.2d 142, 145 (2005) (regarding criminal proceedings). A constitutional presumption applies to court proceedings and records (1) which have been historically open to the public and (2) which have a purpose and function that would be furthered by disclosure. *Skolnick*, 191 Ill. 2d at 232, 730 N.E.2d at 16; *People v. Pelo*, 384 Ill. App. 3d 776, 780, 894 N.E.2d 415, 418 (2008). The presumption can be rebutted by demonstrating that suppression of the public record is necessary to protect a higher value and is narrowly tailored to serve that interest. *Skolnick*, 191 Ill. 2d at 232, 730 N.E.2d at 16.

¶ 22    In addition to the constitutional right of access, the Illinois Supreme Court recognizes a "parallel common-law right of access." *Pelo*, 384 Ill. App. 3d at 780, 894 N.E.2d at 418-19, citing *Skolnick*, 191 Ill. 2d at 230, 730 N.E.2d at 15. Under common law, a presumption exists in favor of allowing the public to inspect and copy public records and documents,

including judicial records and documents. *Skolnick*, 191 Ill. 2d at 230, 730 N.E.2d at 15. The right of access to court records enables the public to monitor the functioning of the courts. This ensures quality, honesty, and respect for our legal system. *Skolnick*, 191 Ill. 2d at 230, 730 N.E.2d at 16. The public's right of access is not absolute, and the court has supervisory power over its own records and files and may deny access at its discretion. *Skolnick*, 191 Ill. 2d at 231, 730 N.E.2d at 16.

¶ 23 Our state legislature created a statutory right of access as part of the Clerks of Courts Act (705 ILCS 105/16(6) (West 2008)):

> "All records, dockets[,] and books required by law to be kept by such clerks shall be deemed public records, and shall at all times be open to inspection without fee or reward, and all persons shall have free access for inspection and examination to such records, docket[,] and books, and also to all papers on file in the different clerks' offices and shall have the right to take memoranda and abstracts thereto."

¶ 24 Although the presumptions under common law and state statutory law have different sources, our supreme court has held they are "parallel" to the first-amendment presumption and has analyzed the three presumptions together. See *Skolnick*, 191 Ill. 2d at 231-33, 730 N.E.2d at 16-17. We will do the same.

¶ 25                    D. Whether the Presumption of Access Applied to the

Proceedings and Records at Issue

¶ 26 We must determine whether the presumption of access applied to the court proceedings and records at issue. If the presumption did not apply, our analysis ends there. If the presumption did apply, then we examine the propriety of the trial court's denial of access.

¶ 27 No Illinois court has established a right of access to a sealed search-warrant affidavit or inventory. The issue of right of access to pretrial criminal proceedings has arisen in two Illinois Appellate Court cases: (1) *Pelo* and (2) *Kelly*.

¶ 28 In *Pelo*, a criminal defendant was accused of stalking and sexually assaulting several victims. *Pelo*, 384 Ill. App. 3d at 777, 894 N.E.2d at 416. Since a potential witness was scheduled to leave the country for military service, the parties deposed him at the courthouse. *Pelo*, 384 Ill. App. 3d at 777, 894 N.E.2d at 416. A newspaper filed a petition to intervene and to gain access to the videotape of the deposition. *Pelo*, 384 Ill. App. 3d at 777, 894 N.E.2d at 416. This court held no presumption attached under the first amendment, the common law, or the applicable Illinois statute (705 ILCS 105/16(6) (West 2008)). *Pelo*, 384 Ill. App. 3d at 781, 783-84, 894 N.E.2d at 419, 421. No presumption of access attached until the videotape was *introduced* into evidence and became part of the judicial record. See *Pelo*, 384 Ill. App. 3d at 782, 894 N.E.2d at 420.

¶ 29 In *Kelly*, members of the media petitioned to intervene in a high-profile child-pornography prosecution, sought to obtain access to certain closed pretrial proceedings and records, and moved to vacate a "Decorum Order" that barred parties' attorneys and witnesses from speaking on certain topics. *Kelly*, 397 Ill. App. 3d at 233, 921 N.E.2d at 337.

¶ 30 The defendant objected both to unsealing the transcripts of the closed pretrial

proceedings and to vacating the decorum order, on the ground these actions would endanger his right to a fair trial. *Kelly*, 397 Ill. App. 3d at 234-35, 921 N.E.2d at 338. The appellate court found the presumption of access did not attach to the (1) hearings, (2) State's motion concerning potential evidence, (3) State's discovery, or (4) parties' witness lists. The pretrial hearings concerned juror questionnaires and the State's other-crimes evidence. "As in *Pelo*, the media intervenors did not have a right to a potential exhibit that had not yet been introduced into evidence; similarly, in the case at bar, the media intervenors did not have a right to discovery, other-crimes evidence, or a list of witnesses, because none of it had been introduced into evidence. *Pelo*, 384 Ill. App. 3d at 782-83[, 894 N.E.2d at 420]." *Kelly*, 397 Ill. App. 3d at 259, 921 N.E.2d at 358. The appellate court found "the subject matter of these proceedings is not one that has been historically open to the public or which have a purpose and function that would be furthered by disclosure." *Kelly*, 397 Ill. App. 3d at 259, 921 N.E.2d at 358.

¶ 31     Media intervenors admit no Illinois court has established a right of access to a sealed search-warrant affidavit or inventory. Media intervenors cite two federal cases "ruling in favor of access in procedurally similar cases."

¶ 32     In *In re Application & Affidavit for a Search Warrant*, 923 F.2d 324, 326 (4th Cir. 1991), the court of appeals found the district court did not abuse its discretion in deciding to release an affidavit filed in support of a search warrant because the investigation had concluded and defendant's right to a fair trial could be protected by *voir dire*. In the case before us, the investigation had not concluded. Disclosure would compromise an ongoing investigation.

¶ 33     *In United States v. Eastern Airlines, Inc.*, 923 F.2d 241, 242 (2d Cir. 1991), the airline contended that publication of an affidavit would violate grand-jury secrecy because several of its paragraphs revealed the scope, direction, focus, deliberations, and conclusions of the grand jury. The district court denied a motion to maintain the affidavit under seal pending trial. The airline sought a stay of the decision pending appeal. The court of appeals "doubt[ed] *** Eastern will be able to show *** the district court in this case abused its discretion in denying the motion for continued sealing of the *** affidavit" and denied all of the airline's motions seeking continued sealing of the affidavit pending the appeal. *Eastern Airlines*, 923 F.2d at 245. The case before us does not involve a federal rule concerning grand-jury secrecy. These federal cases are readily distinguishable and not helpful in a disposition of this case.

¶ 34     The trial court cited two federal cases in support of its finding "the presumption of access extends to documents filed with the clerk of the court in this *** case." See *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988), *cert. denied*, 498 U.S. 880, 112 L. Ed. 2d 173, 111 S. Ct. 214 (1990) (although right of access applies to search-warrant documents, motion to unseal denied finding government demonstrated a compelling interest, the ongoing investigation); *In re Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64-65 (4th Cir. 1989) (newspaper has a common-law qualified right of access to affidavits supporting search warrants committed to the sound discretion of the judicial officer who issued the warrant). The federal circuits are split as to whether any right of access to a sealed search-warrant affidavit or inventory exists.

¶ 35    A constitutional presumption applies to court proceedings and records (1) which have been historically open to the public and (2) which have a purpose and function that would be furthered by disclosure. *Skolnick*, 191 Ill. 2d at 232, 730 N.E.2d at 16; *Pelo*, 384 Ill. App. 3d at 780, 894 N.E.2d at 418.

¶ 36    There is no right of access to the search-warrant documents at issue. The warrant-application process has historically *not* been open to the public, and public access "would hinder, rather than facilitate, the warrant process and the government's ability to conduct criminal investigations" (*Times Mirror Co. v. United States*, 873 F.2d 1210, 1215 (9th Cir. 1989); but see *Search Warrant for Secretarial Area*, 855 F.2d at 574 (although right of access applies to search-warrant documents, motion to unseal was denied, finding government demonstrated a compelling interest, the ongoing investigation)). A warrant application involves no public or adversary proceedings: it is a necessarily *ex parte* request before a judge. *United States v. United States District Court*, 407 U.S. 297, 321, 32 L. Ed. 2d 752, 768, 92 S. Ct. 2125, 2138-39 (1972). The process of disclosing information to a neutral judge to obtain a search warrant is an extension of the criminal investigation itself. The information disclosed to the judge in support of the warrant request is entitled to the same confidentiality accorded other aspects of the criminal investigation. *Times Mirror*, 873 F.2d at 1213-14.

¶ 37    The warrant records (affidavit and inventory) sought are not subject to the qualified right of access. Even assuming a qualified right of access to warrant records, the right would be outweighed if there exists a substantial probability disclosure would compromise an ongoing investigation (see *Search Warrant for Secretarial Area*, 855 F.2d at 574), a circumstance that would justify denial of access in this case. The affidavit supporting the search warrant and the inventory and return of the search warrant describe in considerable detail the investigation and individuals involved. Both the State and defendant oppose disclosure to avoid compromising an ongoing investigation. The substantial probability disclosure would compromise and interfere with an ongoing investigation far outweighs generalized public interest in the warrant-application process. We commend the trial court's thoughtful consideration of the issues. While we conclude there was no right of access, the trial court's analysis was helpful to our resolution of the case.

¶ 38    A right of access did not attach to the affidavit and inventory. The trial court did not err in denying media intervenors access to the documents. The trial court's order remains in effect without prejudice to any party requesting reconsideration or modification of the order as the case progresses or as circumstances change. See *People v. Flatt*, 82 Ill. 2d 250, 261, 412 N.E.2d 509, 515 (1980) ("It is well settled that the precedential scope of a decision is limited to the facts before the court").

¶ 39                                   III. CONCLUSION
¶ 40    We affirm the trial court's judgment.

¶ 41    Affirmed.