# Illinois Official Reports

## Appellate Court

---

### *People v. Zimmerman*, 2017 IL App (4th) 170055

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KIRK P. ZIMMERMAN, Defendant-Appellee (The Pantagraph, WGLT FM, and the Illinois Press Association, Intervenors-Appellants). |
| District & No. | Fourth District<br>Docket No. 4-17-0055 |
| Filed | March 31, 2017 |
| Decision Under Review | Appeal from the Circuit Court of McLean County No. 15-CF-894; the Hon. Scott Daniel Drazewski, Judge, presiding. |
| Judgment | Reversed; cause remanded with directions. |
| Counsel on Appeal | Donald M. Craven, of Donald M. Craven, P.C., of Springfield, for appellant.<br><br>Jason Chambers, State's Attorney, of Bloomington (David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.<br><br>John P. Rogers, of Schwartz Rogers LLP, of Clayton, Missouri, for appellee Kirk P. Zimmerman. |

| Panel | PRESIDING JUSTICE TURNER delivered the judgment of the court, with opinion.<br>Justices Holder White and Pope concurred in the judgment and opinion. |

# OPINION

¶ 1    Pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2016), intervenors—the Pantagraph, WGLT FM, and the Illinois Press Association—appeal the McLean County circuit court's January 3, 2017, order denying the intervenors' request to open for public inspection the fourth and fifth motions *in limine* filed under seal by criminal defendant, Kirk P. Zimmerman. On appeal, the intervenors contend the circuit court erred by finding the presumption of public access to judicial documents did not apply to the documents at issue. We reverse and remand for further proceedings.

¶ 2    <center>I. BACKGROUND</center>

¶ 3    In this case, the supporting record is scant, and thus this court has very limited facts. Notably, we lack the documents at issue.

¶ 4    According to defendant's pleadings, the State charged him with the first degree murder of Pamela Zimmerman, his former spouse. In October 2016, defendant filed a motion for leave to file motions *in limine* under seal. The document referred to the motions at issue as his fourth and fifth motions *in limine*. Defendant noted his fourth and fifth motions *in limine* sought to exclude the admission of evidence that was sensitive, private, and/or inflammatory about himself and others who may be called as witnesses or who are otherwise connected to him. According to defendant, given the high level of media attention to his case, the evidence sought to be excluded would taint the jury pool if it became public and his right to a fair trial depended on the motions being sealed. Additionally, defendant noted he was prepared to provide the circuit court with advance copies of the motions at issue for an *in camera* examination in the event the court needed additional facts. Defendant also filed a motion to close the proceedings on the motions *in limine*.

¶ 5    In November 2016, the intervenors filed a petition to intervene and objections to defendant's motion to close the courtroom and to file the motions *in limine* under seal. The intervenors also filed a supporting memorandum of law. On November 21, 2016, defendant filed a response to the intervenors' petition. On that same day, the circuit court entered an order, granting defendant leave to file his fourth and fifth motions *in limine*. The order further stated the following: "Documents are filed for 90 days. The documents shall not be unsealed up to and until the court orders the same."

¶ 6    On December 22, 2016, the circuit court held the hearing on defendant's fourth and fifth motions *in limine*. An excerpt of the hearing is included in the supporting record. The court noted at the beginning of the hearing that it had allowed the intervenors' petition to intervene at an earlier court date. At the hearing, it was noted that the State did not intend to raise the matters addressed in defendant's fourth and fifth motions *in limine* in its case in chief. Defendant withdrew his motion asking to seal the courtroom, leaving the continued sealing of

<center>- 2 -</center>

the fourth and fifth motions *in limine* as the only remaining contested matter. Defendant requested the motions continue to be sealed until the jury in his case was impaneled. The State took no position on the continued sealing of the motions. After hearing the parties' arguments, the court allowed, without objection, defendant's fourth and fifth motions *in limine*. The court further ordered the fourth and fifth motions *in limine* to remain sealed until jury selection and noted any order *in limine* related to those motions would also be sealed. The court reasoned that the presumption of access did not apply to the motions *in limine* and ended its analysis with that conclusion.

¶ 7      On January 3, 2017, the circuit court entered a written order, granting the fourth and fifth motions *in limine* and ordering those motions to remain sealed until after the selection of a jury.

¶ 8      On January 19, 2017, the intervenors filed a timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 303 (eff. Jan. 1, 2015). See Ill. S. Ct. R. 307(a) (eff. Nov. 1, 2016) (providing "the appeal must be perfected within 30 days from the entry of the interlocutory order by filing a notice of appeal designated 'Notice of Interlocutory Appeal' conforming substantially to the notice of appeal in other cases"). Thus, this court has jurisdiction of this appeal pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2016). See *Skolnick v. Altheimer & Gray*, 191 Ill. 2d 214, 221, 730 N.E.2d 4, 11 (2000) (noting an interlocutory order that circumscribes the publication of information is reviewable as an interlocutory injunctive order under Rule 307(a)(1)).

¶ 9      <div align="center">II. ANALYSIS</div>

¶ 10      The United States Supreme Court has recognized the existence of a common law right of access to " 'judicial records and documents.' " *Skolnick*, 191 Ill. 2d at 230, 730 N.E.2d at 15 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). Additionally, in Illinois, section 16(6) of the Clerks of Courts Act (705 ILCS 105/16(6) (West 2014)) provides for the public's right to review judicial records. See *Skolnick*, 191 Ill. 2d at 231, 730 N.E.2d at 16. Specifically, that provision provides, in pertinent part, the following:

> "All records, dockets and books required by law to be kept by such clerks shall be deemed public records, and shall at all times be open to inspection without fee or reward, and all persons shall have free access for inspection and examination to such records, docket and books, and also to all papers on file in the different clerks' offices and shall have the right to take memoranda and abstracts thereto." 705 ILCS 105/16(6) (West 2014).

Moreover, embedded in the first amendment to the United States Constitution (U.S. Const., amend. I) is a right of access to court records. *Skolnick*, 191 Ill. 2d at 231-32, 730 N.E.2d at 16. "The first amendment right presumes a right to inspect court records which have 'historically been open to the public' and disclosure of which would further the court proceeding at issue." *Skolnick*, 191 Ill. 2d at 232, 730 N.E.2d at 16 (quoting *United States v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989)). However, under all three sources of the right to access court records, the right is not absolute. *Skolnick*, 191 Ill. 2d at 231-32, 730 N.E.2d at 16. In recognizing the common law right to access, the Supreme Court noted "[e]very court has supervisory power over its own records and files, and access [may be] denied where court files might *** become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. As to the constitutional right to access, our supreme court has noted the presumption of access can be rebutted by

demonstrating "suppression is 'essential to preserve higher values and is narrowly tailored to serve that interest.' " *Skolnick*, 191 Ill. 2d at 232, 730 N.E.2d at 16 (quoting *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994), *superseded on other grounds by* Fed. R. Civ. P. 5). Additionally, the first amendment right of access does not attach unless it passes the tests of experience and logic. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 9 (1986) (*Press II*). The experience test examines whether "there has been a tradition of accessibility" to that kind of proceeding, and the logic test examines whether "public access plays a significant positive role in the functioning of the particular process in question." *Press II*, 478 U.S. at 8, 10.

¶ 11   We begin our analysis by determining whether the presumption of access applied to defendant's fourth and fifth motions *in limine*. *In re Gee*, 2010 IL App (4th) 100275, ¶ 26, 956 N.E.2d 460. That determination presents a purely legal question, and thus our review is *de novo*. *People v. Kelly*, 397 Ill. App. 3d 232, 255, 921 N.E.2d 333, 354 (2009). If we find the presumption does not apply, then our analysis ends there. *Gee*, 2010 IL App (4th) 100275, ¶ 26, 956 N.E.2d 460. If the presumption does apply, then we examine the propriety of the circuit court's denial of access. *Gee*, 2010 IL App (4th) 100275, ¶ 26, 956 N.E.2d 460. In this case, the circuit court found the presumption did not apply and ended its analysis there. On appeal, the intervenors assert the circuit court erred by finding the presumption did not attach to defendant's fourth and fifth motions *in limine*.

¶ 12   In *Skolnick*, 191 Ill. 2d at 232, 730 N.E.2d at 17, our supreme court found that, whether it proceeded under the common law or constitutional standards, the counterclaim in that case became part of the court file once the circuit court granted leave to file it, and at that time, the presumption of the right of public access attached to the counterclaim. Moreover, this court has held, "the right of access extends to the documents filed with the court." *In re Marriage of Johnson*, 232 Ill. App. 3d 1068, 1074, 598 N.E.2d 406, 410 (1992). We explained our holding as follows: "Once documents are filed with the court, they lose their private nature and become part of the court file and 'public component[s]' of the judicial proceeding [citation] to which the right of access attaches. This right also applies to transcripts of hearings as they are records of trial court proceedings." *Johnson*, 232 Ill. App. 3d at 1074, 598 N.E.2d at 410. However, this court emphasized the right did not extend to a settlement document because it was never submitted to the court, despite the fact the terms of the agreement were discussed at a hearing for which the transcript was subject to the presumption. *Johnson*, 232 Ill. App. 3d at 1074, 598 N.E.2d at 410.

¶ 13   In the context of criminal cases, in *People v. LaGrone*, 361 Ill. App. 3d 532, 534-35, 838 N.E.2d 142, 145 (2005), we addressed whether the circuit court erred by closing the pretrial hearings on the defendant's motions *in limine* to suppress (1) the statements of two of the victims and (2) evidence of certain character attributes of the defendant. This court concluded the circuit court's specific findings did not constitute a sufficient basis for closure of the pretrial hearings and reversed the circuit court's judgment. *LaGrone*, 361 Ill. App. 3d at 536, 838 N.E.2d at 146. While this court did not expressly address whether the presumption of access attached, we still find the case is instructive on the issue, as it is indicative of the public nature of motions *in limine*.

¶ 14   Next, in *People v. Pelo*, 384 Ill. App. 3d 776, 781, 894 N.E.2d 415, 419 (2008), this court held an unedited evidence deposition, which had neither been submitted into evidence nor played in open court, was not "a 'judicial record' or part of the 'criminal proceeding itself' to

which the public has a constitutional, common-law, or statutory right of access." Moreover, in *Gee*, 2010 IL App (4th) 100275, ¶ 36, 956 N.E.2d 460, we held the right of access did not apply to an affidavit supporting a search warrant and the inventory and return of search warrant. This court explained that the warrant application process had historically not been open to the public and was an extension of the criminal investigation itself. Thus, it was entitled to the same confidentiality accorded other aspects of the criminal investigation. *Gee*, 2010 IL App (4th) 100275, ¶ 36, 956 N.E.2d 460.

¶ 15    In *Kelly*, 397 Ill. App. 3d at 236-37, 921 N.E.2d at 339-40, the appellants challenged the circuit court's closure of four pretrial hearings and its filing under seal of the State's pretrial motion to allow evidence of other crimes, the State's supplemental answer to discovery, and both parties' witness lists. Applying our decision in *Pelo* and the United States Supreme Court's decision in *Waller v. Georgia*, 467 U.S. 39, 47 (1984), the First District found the presumption of access did not attach to the challenged documents and related hearings. *Kelly*, 397 Ill. App. 3d at 259, 921 N.E.2d at 358. The *Kelly* court explained as follows: "As in *Pelo*, the media intervenors did not have a right to a potential exhibit that had not yet been introduced into evidence; similarly, in the case at bar, the media intervenors did not have a right to discovery, other-crimes evidence, or a list of witnesses because none of it had been introduced into evidence." *Kelly*, 397 Ill. App. 3d at 259, 921 N.E.2d at 358. Moreover, "the hearings at issue bore no resemblance to the hearing in *Waller*, where the presumption of access applied." *Kelly*, 397 Ill. App. 3d at 259, 921 N.E.2d at 358. The *Kelly* court further found "the subject matter of these proceedings is not one that has been historically open to the public or which have a purpose and function that would be furthered by disclosure." *Kelly*, 397 Ill. App. 3d at 259, 921 N.E.2d at 358.

¶ 16    In this case, the intervenors are seeking to examine defendant's fourth and fifth motions *in limine*. As in *Skolnick*, once the circuit court granted defendant leave to file the two legal documents, they became court records. See *Skolnick*, 191 Ill. 2d at 232, 730 N.E.2d at 17. Moreover, in criminal cases, the purpose of a motion *in limine* is both to (1) "determine prior to trial what, if any, evidence ought to be admitted at trial" and (2) "establish whether any such evidence that would ordinarily be admissible is inadmissible because of improper police proceedings." *People v. DeJesus*, 163 Ill. App. 3d 530, 532, 516 N.E.2d 801, 802 (1987). Thus, unlike the search warrant documents in *Gee*, motions *in limine* are generally related to the criminal trial proceedings and not the criminal investigation, which has historically been private. Additionally, we disagree with the *Kelly* court's suggestion that motions *in limine* and their related hearings have traditionally not been accessible to the public. Despite the fact motions *in limine* address *potential* evidence for trial, they are contained in the general criminal case file and in the general record on appeal. The hearings on such motions are generally not closed. Further, we find *Kelly*'s reliance on our decision in *Pelo* was misplaced, as that case addressed an evidence deposition, which had not yet been presented at trial, and not a legal document filed with the court that mentioned the evidence deposition. Accordingly, we find the motions *in limine* pass the experience test.

¶ 17    As to the logic test, we find access to motions *in limine* plays a significant positive role in the functioning of the criminal justice process. Sometimes, such motions expose improper police action, as noted in *DeJesus*, or attorney conduct (*i.e.*, discovery violations). Moreover, public access to evidentiary decisionmaking " 'enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system.' " *Press II*,

478 U.S. at 9 (quoting *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 508 (1984) (*Press I*)). Additionally, just as "suppression hearings often are as important as the trial itself" (*Waller*, 467 U.S. at 46), motions *in limine* can also be critical to the course of a criminal trial. Thus, we find motions *in limine* also pass the logic test.

¶ 18 Accordingly, we find the presumption of access attaches to motions *in limine* filed with the court in criminal proceedings. In this case, when the circuit court granted defendant leave to file his fourth and fifth motions *in limine*, the presumption of access attached. See *Skolnick*, 191 Ill. 2d at 232, 730 N.E.2d at 17. Thus, the circuit court erred by finding the presumption did not attach to the documents at issue. Since the presumption did attach to the documents at issue, the next step is to determine whether the presumption has been rebutted. The circuit court did not address that issue, and thus we remand the cause to the circuit court for further proceedings on the intervenors' objection to defendant's fourth and fifth motions *in limine* being under seal.

¶ 19                                III. CONCLUSION

¶ 20 For the reasons stated, we reverse the McLean County circuit court's judgment ordering defendant's fourth and fifth motions *in limine* to remain sealed and remand the case for further proceedings.

¶ 21 Reversed; cause remanded with directions.