**NOTICE**

This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 230427-U

NO. 4-23-0427

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 18, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| | ) | Adams County |
| v. | ) | No. 23CF170 |
| | ) | |
| TIMOTHY W. BLIEFNICK, | ) | |
| Defendant-Appellee, | ) | |
| | ) | |
| | ) | |
| | ) | |
| (Quincy Herald Whig, Inc..; Muddy River News LLC; | ) | |
| and WGEM-TV, a Gray Television Inc. Station, | ) | Honorable |
| Intervenors-Appellants). | ) | Robert K. Adrian, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Justices Zenoff and Knecht concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court dismissed Intervenors' appeal as moot.

¶ 2     In March 2023, the State charged defendant, Timothy W. Bliefnick, with two counts of first degree murder (720 ILCS 5/9-1(a)(1) (West 2022)) and one count of home invasion (720 ILCS 5/19-6(a)(2) (West 2022)), alleging that defendant entered the home of his wife and intentionally shot and killed her in February 2023.

¶ 3     That same month, during pretrial proceedings, the trial court entered an order requiring all motions and pleadings in this case to be filed under seal due to "extensive publicity." Several weeks later, the court permitted Quincy Herald-Whig, Inc., Muddy River News LLC, and

WGEM-TV, a Gray Television Inc. station, (collectively, Intervenors) to intervene. Intervenors filed a motion to vacate the seal order, which the court denied.

¶ 4        Intervenors appeal, arguing that the trial court abused its discretion by ordering that all motions and pleadings be filed under seal because (1) the order was overbroad and unsupported by sufficient factual findings and (2) the court did not follow the proper procedure for sealing court filings set forth by *People v. Zimmerman*, 2018 IL 122261, 120 N.E.3d 918. However, we do not reach the merits of Intervenors' argument because we conclude that this appeal is moot and none of the exceptions to the mootness doctrine apply. Accordingly, we dismiss Intervenors' appeal.

¶ 5                                I. BACKGROUND

¶ 6        In March 2023, the State charged defendant with home invasion and first degree murder, alleging that he entered his wife's home and intentionally shot and killed her in February 2023. Soon after, on March 16, 2023, at the behest of both parties, the trial court entered an order that stated as follows: "Due to the extensive publicity in this case, all motions and/or pleadings shall be filed under seal."

¶ 7                A. The Petition To Intervene and Motion To Vacate

¶ 8        In April 2023, Intervenors filed under seal a petition to intervene pursuant to section 2-408(b) of the Code of Civil Procedure (735 ILCS 5/2-408(b) (West 2022)), alleging that they "and the general public have constitutional, statutory and common law rights to have access to court proceedings and to inspect the records of this Court, which rights should not be limited in the absence of certain specific factual findings by this Court." Alongside the petition to intervene, Intervenors filed a motion asking the trial court to (1) "reconsider and/or vacate [the seal order]"; (2) "conduct an analysis to determine which portions, if any, of this litigation should remain closed"; and (3) "articulate those specific findings in an open, public record."

¶ 9         Later that month, the trial court granted Intervenors' petition to intervene, and in early May 2023, the court conducted a hearing on the motion to vacate. At the hearing, Intervenors argued that the court failed to make factual findings sufficient to overcome the first amendment (U.S. Const., amend. I) right of access, alleging that the court's " 'conclusory assertion that publicity might deprive the defendant of his fair-trial right' " (emphasis omitted) was deficient. Intervenors observed that the court provided no standard to determine when publicity surrounding a case rose to the level of "extensive media coverage." Intervenors further argued that the court's order (which sealed all filings automatically) operated contrary to the sealing procedure of other Illinois courts, pointing out that "[t]he presumption in this case *** is that all filings are sealed until they are opened. This does not follow the process the Supreme Court approved in the *Zimmerman* case, and very frankly, this is *People v. LaGrone*[, 361 Ill. App. 3d 532, 535, 838 N.E.2d 142 (2005)] repeated."

¶ 10         Both the State and defendant opposed the motion to vacate.

¶ 11                         B. The Trial Court's Second Order

¶ 12         Following the hearing, the trial court denied the motion to vacate in a written order and modified its original seal order, explaining, "The Court *** recognizes that its previous Order does not state in detail the procedure the Court is using." As a factual basis for the new order, the court found that release of certain information could jeopardize defendant's fair trial rights by tainting the jury pool because (1) Adams County is "a smaller county," (2) cameras are allowed in the courtroom for pretrial proceedings, and (3) the proceedings have been reported by local television and radio stations, newspapers, and online, "satur[ating] the entire county." The court noted that "[a] change of venue from Adams County in this case would cause great hardship for all parties."

¶ 13    The trial court modified its previous order as follows:

"1. All documents shall be filed under seal.

2. The Court shall review all documents to determine whether the documents contain evidentiary matters. Those documents which contain evidentiary matters shall remain sealed. All documents that do not contain evidentiary matters shall be unsealed.

3. All documents shall be unsealed after a verdict has been reached.

4. The Court shall close all pretrial hearings concerning evidentiary matters.

5. All pretrial hearings that do not concern evidentiary matters shall be open."

¶ 14    The trial court explained that it used the presumptive sealing procedure to ensure that (1) the parties do not need to file a motion to seal every time they make a filing; (2) "documents that should be sealed are not disseminated to the public before they can be sealed"; (3) the circuit clerk, who is unqualified to make determinations regarding whether a document contains evidentiary matters, does not have to determine if documents contain those matters; and (4) documents that do not need to be sealed are unsealed in a timely manner.

¶ 15    One week later, Intervenors filed a notice of interlocutory appeal pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017).

¶ 16    While Intervenors' appeal was pending, the trial court ordered all records in the case unsealed and conducted defendant's jury trial. Defendant was found guilty of first degree murder and was later sentenced to life in prison.

¶ 17    In August 2023, this court ordered Intervenors to provide additional briefing regarding the issue of mootness, which we consider here.

¶ 18                              II. ANALYSIS

¶ 19          As an initial matter, Intervenors do not dispute that the underlying case is moot because the trial court lifted the seal order. Intervenors argue that this court should consider the merits of their appeal because two exceptions to the mootness doctrine apply—namely, (1) the public interest exception and (2) the exception for issues capable of repetition yet evading review. However, given (1) the record in this case and (2) the supreme court's guidance in *Zimmerman*, 2018 IL 122261, ¶¶ 25-47, we conclude that this case does not meet either exception. Accordingly, we dismiss Intervenors' appeal.

¶ 20                           A. The Applicable Law

¶ 21          "An appeal is moot if no actual controversy exists or when events have occurred that make it impossible for the reviewing court to render effectual relief." *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10, 51 N.E.3d 788. As a general rule, because appellate courts generally do not issue advisory opinions or review cases merely to establish precedent, appellate courts will not review moot issues. *Id.* A reviewing court can consider an otherwise moot case if it falls under a recognized exception to the general rule. *In re Shelby R.*, 2013 IL 114994, ¶ 15, 995 N.E.2d 990.

¶ 22          The public interest exception requires that "(1) the question presented is of a public nature; (2) there is a need for an authoritative determination for the future guidance of public officers; and (3) there is a likelihood of future recurrence of the question." *In re Alfred H.H.*, 233 Ill. 2d 345, 355, 910 N.E.2d 74, 80 (2009).

¶ 23          The capable of repetition yet evading review exception requires (1) that "the challenged action *** be of a duration too short to be fully litigated prior to its cessation" and (2) "a reasonable expectation that the same complaining party would be subjected to the same

action again." (Internal quotation marks omitted.) *Id.* at 358.

¶ 24                                    B. This Case

¶ 25            Regarding the public interest exception, we recognize that Intervenors' "interest in the publication of noteworthy information" is a question of "surpassing public concern." *People v. LaGrone*, 361 Ill. App. 3d 532, 535, 838 N.E.2d 142, 145 (2005). But because the Illinois Supreme Court has already provided a detailed, authoritative determination for how trial courts are to approach sealing and closure issues in *Zimmerman*, 2018 IL 122261, ¶¶ 25-47, we need not provide further guidance on the issue.

¶ 26            Regarding the capable of repetition yet evading review exception, Intervenors have not shown that this sort of novel blanket sealing order, as modified, (1) has previously restricted their access to criminal proceedings or (2) is reasonably likely to be imposed outside the unique circumstances of this case, which received international media attention. See, *e.g.*, Adarsh Kumar Gupta, *Family Feud's Timothy Bliefnick sentenced to life in prison for killing ex-wife, old video shows him mocking marriage*, Hindustan Times (Aug. 14, 2023) (India). And the odds of recurrence are further diminished because the trial judge who entered the order is no longer on the bench. See *In re Robert K. Adrian*, Ill. Cts. Comm'n No. 22-CC-04 (Feb. 23, 2024) (ordering the trial judge's removal from office).

¶ 27                                    III. CONCLUSION

¶ 28            Because we conclude that this appeal is moot and that none of the exceptions to the mootness doctrine apply, we dismiss Intervenors' appeal. Although we express no opinion on the merits of the underlying case, we note that this area of law was recently and carefully addressed by the Illinois Supreme Court in *Zimmerman*.

¶ 29            Appeal dismissed.