2026 IL App (1st) 252112-U

No. 1-25-2112

Order filed March 27, 2026

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 25 CR 0760401 |
| | ) | |
| ADRIAN RUCKER, | ) | Honorable |
| | ) | Barbara Dawkins, |
| Defendant | ) | Judge, Presiding. |
| | ) | |
| (Better Government Association, The Chicago Sun-Times, | ) | |
| NBC Chicago, and Jamie Kalven, Intervenors- | ) | |
| Appellants). | ) | |

_____

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Mitchell & Justice Wilson concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court erred in applying Illinois Supreme Court Rule 201(c)(1) (eff. Mar. 17, 2023), a civil discovery rule as the basis for not vacating its June 13, 2025, order barring nonparty custodians from releasing certain materials.

¶ 2    This appeal involves the denial of media access to presumably public records in a criminal

case involving the fatal shooting of Chicago Police Officer Krystal Rivera on June 5, 2025. On

June 13, 2025, the trial court granted the State's motion to withhold the release of certain materials, ordering that "the City of Chicago and its entities shall not release any material under RD# JJ283172, RD# JJ283372, and COPA Log# 2025-0002747 related to this case under the Transparency Policy or the Freedom of Information Act until further order of [c]ourt."

¶ 3 Intervenors-Appellants Better Government Association, The Chicago Sun-Times, NBC Chicago and Jamie Kalven (collectively intervenors) appeal the September 10, 2025, denial of their motion to vacate the June 13, 2025, order barring the release of records.. On this interlocutory appeal, intervenors contend that: (1) the trial court erroneously applied an access to court records analysis to a motion to vacate an order prohibiting a public body from releasing its own public records; (2) the requirements for a confidentiality order were not met; and (3) the order violates the party presentation principle. For the reasons that follow, we reverse.

¶ 4                                      BACKGROUND

¶ 5 As noted above, this stems from the shooting death of Chicago Police Officer Krystal Rivera on June 5, 2025, by her partner, Chicago Police Officer Carlos Baker after a traffic stop. On June 13, 2025, the State filed a motion to withhold the release of records, which the trial court granted. In granting the State's motion, the trial court entered a blanket order barring the City of Chicago and its entities from releasing any material, under RD# JJ283172, RD# JJ283372, and COPA Log# 2025-0002747, related to this case under the Transparency Policy or the Freedom of Information Act (FOIA) until further order of the court.

¶ 6 Defendant Rucker, who allegedly pointed a gun at the officers, was subsequently indicted on July 7, 2025, and charged with several counts of armed violence, possession of a controlled substance with intent to deliver, possession of fraudulent identification cards, and unlawful

possession of a firearm. Jaylin Arnold, who allegedly fled from police after the traffic stop, was charged on July 21, 2025, with multiple counts of armed violence, possession of a controlled substance with intent to deliver, and various firearm possession charges.

¶ 7    On August 7, 2025, the intervenors filed a motion to intervene and vacate the court's order of June 13, 2025. On August 21, 2025, the State also filed a motion to vacate the June 13, 2025, order, contending that the reasons for the order no longer applied because both Rucker and Arnold had been charged and arraigned. However, the State noted that its motion did not waive any applicable assertions that the State would claim over those materials in response to any FOIA request or subpoena received, nor did it waive any claim or privilege that may be asserted by the custodian of those materials.

¶ 8    A hearing on both motions was held on September 10, 2025, at which the State confirmed that it was in agreement with vacating the June 13, 2025, order. The State further explained that it did not represent the parties covered by the order and was not the keeper of those records. Counsel for Rucker stated that Rucker had no objection to releasing it, and Arnold's attorney took no position.

¶ 9    The trial court granted the intervenors' leave to intervene in the case, but denied their motion to vacate its June 13, 2025, order. The court explained that it was barring disclosure of Chicago Police Department and COPA[1] materials. The court relied on Illinois Supreme Court Rule 201(c)(1) (eff. Mar. 17, 2023), which allows the court to issue a protective order at any time on its own initiative as justice requires, denying, limiting, conditioning or regulating discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression. The court also

---

[1] COPA is the Civilian Office of Police Accountability for the City of Chicago.

stated that the overriding interest in protecting the rights of the defendants overcame any first amendment presumption that may exist and ordered that the records would stay sealed.

¶ 10     The intervenors filed their notice of interlocutory appeal on October 10, 2025. After the intervenors' brief was filed, this court, on its own motion, ordered the State to file a response to the intervenors' brief, which it did on January 27, 2026.

¶ 11                                    ANALYSIS

¶ 12     On appeal, intervenors contend that: (1) the trial court erroneously applied an access to court records analysis to a motion to vacate an order prohibiting a public body from releasing its own public records; (2) the requirements for a confidentiality order were not met; and (3) the order violates the party presentation principle. The intervenors seek reversal of the trial court's order, and requests that the June 13, 2025, order be vacated.

¶ 13     The State likewise contends that the trial court erred in denying its motion to vacate the June 13, 2025, order but on a different basis. The State asserts that the trial court abused its discretion in relying on a civil discovery rule in a criminal case as the basis for not vacating the June 13, 2025, order which barred nonparty custodians from releasing certain records. Specifically, the State contends that the trial court relied on Supreme Court Rule 201(c)(1) found in Article II of the Supreme Court Rules, which was inapplicable to this criminal proceeding, as Article IV of the Supreme Court Rules apply to criminal proceedings.

¶ 14     Intervention is the proper vehicle to seek access to sealed proceedings and records. *People v. Kelly*, 397 Ill. App. 3d 232, 242-43 (2009). Further, our supreme court has held that an order restricting public access to documents is reviewable under Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) as an interlocutory injunctive order. *People v. Zimmerman*, 2018 IL 122261, ¶ 22;

*People v. Van Dyke*, 2020 IL App (1st) 191384, ¶ 49-50. A trial court's order denying access to a media intervenor is in the nature of injunctive relief. *Van Dyke*, 2020 IL App (1st) 191384, ¶ 49.

¶ 15    That said, we turn our attention to the merits of this appeal, whether the trial court erred in denying both the intervenors' and the State's motions to vacate the June 13, 2025, order which sealed records of the City of Chicago and its various entities related to this case.

¶ 16    When reviewing the denial of a motion by media intervenors to unseal a court file, we review the trial court's decision for an abuse of discretion.[2] *Id.* ¶ 66. An abuse of discretion occurs when the trial court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the position adopted by the trial court. *Id.* Here the intervenors and the State maintain that the trial court used the wrong criteria in evaluating their motions to vacate the June 13, 2025, order. Therefore, we must specifically determine whether the record establishes that the trial court applied the correct criteria because if a trial court's decision is based on an error of law, then an abuse of discretion clearly occurred. *People v. Porter-Boens*, 2013 IL App (1st) 111074, ¶ 10.

¶ 17    Our supreme court has held that public records are presumed to be open and accessible. *In re Appointment of Special Prosecutor*, 2019 IL 122949, ¶ 25. FOIA is to be liberally construed to achieve the goal of providing the public with easy access to government information. *Id.* Consequently, FOIA's exceptions to disclosure are to be construed narrowly so as not to defeat the intended statutory purpose. *Id.* Under the common law, there is a presumption that allows the public to inspect and copy public records and documents, including all documents filed with the court. *Zimmerman*, 2018 IL 122261, ¶ 40. This common law right of public access to court records

---

[2] We recognize that while the materials in question are not sealed court files, they were nevertheless sealed under court order thus we will use the same standard of review as if they were sealed court files.

is essential to the proper functioning of a democracy in that citizens rely on information about our judicial system in order to form an educated and knowledgeable opinion of its functioning. *Id.* The common law right of access symbolizes the recognition that the public interest is best served by increasing the public's knowledge about what is transpiring inside the judicial process. *Id.*

¶ 18     However, our supreme court has also held that the common law right of access to judicial records is not absolute. *Id.* ¶ 43. Every court has supervisory power over its own records and files, and access may be denied where court files might become a vehicle for improper purposes. *Id.*

¶ 19     When faced with a request for media access, a trial court generally determines whether a presumption of public access applies to the particular type of information sought. *Van Dyke*, 2020 IL App (1st) 191384, ¶ 78. If the trial court finds the presumption applies, then it determines whether the presumption is rebutted by other concerns. *Id.* In deciding to deny access to certain proceedings and records for a certain length of time, the trial court has to craft a careful and delicate balance among competing interests. *Id.*

¶ 20     Turning to the instant case, we first note that, as both parties have pointed out in their briefs to this court as well as in their motions to vacate in the trial court, the materials at issue in this case are not court records. Rather, they are public records in the custody and control of the Chicago Police Department and COPA and are not within the custody or control of any party to this case or other judicial body. While it is clear that a trial court is within its power to supervise the release of court documents and proceedings, it is highly questionable as to whether the trial court has jurisdiction over such materials or nonjudicial custodians at this juncture in order to bar the release of such public records pursuant to a media request under FOIA.

¶ 21     Additionally, the trial court *sua sponte* determined that it would indefinitely extend the blanket ban on the release of such public records, using Supreme Court Rule 201(c)(1) as justification for its order. We agree with the State that this was error. Rule 201 provides general discovery provisions for civil proceedings in the trial court, and subsection (c)(1) governs the prevention of abuse and provides for protective orders as follows: "[t]he court may at any time on its own initiative, or on motion of any party or witness, make a protective order as justice requires, denying, limiting, conditioning, or regulating discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression. Ill. S. Ct. R. 201(c)(1).

¶ 22     Discovery in criminal cases is governed by Supreme Court Rules 411 through 429. Rule 411, Applicability of Discovery Rules, specifically states that these rules shall be applied in all criminal cases wherein the accused is charged with a felony. Ill. S. Ct. R. 411 (eff. Dec. 9, 2011). See also *People v. Williford*, 271 Ill. App. 3d 922, 925 (1995). Rule 415(d) provides for protective orders if the party furnishing material to any attorney or a defendant files for a protective order to restrict or defer further disclosures and the court may restrict such disclosures upon a showing of cause. Ill. S. Ct. R. 415(d) (eff. Oct. 23, 2020). Thus, in contrast to the civil discovery rules, the criminal discovery rules do not allow a court to *sua sponte* restrict access to materials, rather, a party to the case must file for a protective order.

¶ 23     It is clear that the trial court applied the wrong law to reach its conclusion that it could *sua sponte* bar the release of public records by a nonparty entity based on Rule 201(c)(1), and where the records are not court documents, nor under the care or custody of any party to the case. It follows then that such action was an abuse of discretion and we reverse the trial court's denial of both motions to vacate filed by the intervenors and the State.

¶ 24                                CONCLUSION

¶ 25    For the foregoing reasons, we reverse the trial court's denial of the motions to vacate the earlier June 13, 2025, protective order of certain documents. Nothing in this decision requires the release of the materials named, forecloses any basis the respective custodians may have for nondisclosure under FOIA (5 ILCS 140/1 *et seq.* (West 2024), nor does it bar the parties to the criminal case from filing appropriate motions under Supreme Court Rule 415(d) (eff. Oct. 23, 2020) if they can show cause for a protective order.

¶ 26    Reversed.